CHARLES H. LAWSON AND MARGARET LAWSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lawson v. Commissioner
Docket Nos 21468-87; 21469-87
United States Tax Court
T.C. Memo 1989-351; 1989 Tax Ct. Memo LEXIS 350; 57 T.C.M. (CCH) 1013; T.C.M. (RIA) 89351; July 20, 1989
Charles H. Lawson, pro se. Marikay Lee-Martinez, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: Respondent determined income tax deficiencies and additions to tax for petitioners as follows: Docket No. 21469-87 [1]
Margaret Lawson
Self-Employment
Year
Deficiency
Tax
6653(b)(1) [2]
6653(b)(2)
6654
1982
$  8,432
$ 2,318
$ 4,216
*
$ 821
*351 Charles H. Lawson
Self-Employment
Year
Deficiency
Tax
6653(b)(1)
6653(b)(2)
6654
1982
$ 8,432
$ 2,318
$ 4,216
*
$ 821
Docket No. 21468-87
Charles H. and Margaret Lawson
Self-Employment
Year
Deficiency
Tax
6653(b)(1)
6653(b)(2)
6654
1983
$ 12,825
$ 2,341
$ 6,412.50
**
$ 843
After concessions, we are presented with the following issues for decision: (i) whether petitioners understated their taxable income in tax years 1982 and 1983 due to their failure to report income received from the sale of gold; (ii) whether Charles H. Lawson is liable for additions to tax under sections 6653(b)(1) and 6653(b)(2) for tax years 1982 and 1983; [3] (iii) whether petitioners are liable for additional self-employment taxes attributable to income derived from gold trading activities; and (iv) whether petitioners are liable for additions to tax under section 6654 for tax years 1982 and 1983. *352 FINDINGS OF FACTS Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated by this reference. Charles H. and Margaret Lawson ("petitioners") resided in Phoenix, Arizona, at the time their petition was filed. Petitioners did not file any Federal income tax returns for tax year 1982, although they did file a joint Federal income tax return for tax year 1983. Charles Lawson ("Lawson") was a gold trader during 1982 and 1983. In this capacity, he sold gold to the Strickland Company, Inc., a precious metals refiner located in Minneapolis, Minnesota, for which he received a number of checks written to him in the total amounts of $ 49,582.46 and $ 31,060.41 during tax years 1982 and 1983, respectively. Lawson acquired some of the gold that he sold to the Strickland Company from James P. Shannon, who obtained the gold by theft. Lawson and Shannon conducted their transactions in parking lots and restaurants on a monthly or bimonthly basis during 1982 and 1983. The two men agreed that the price that Shannon would receive for the stolen gold was one-half of the spot price of gold on the particular day of a transaction. *353 Shannon received $ 18,000 from Lawson during 1982 and 1983. All their transactions were consummated in cash, no receipts were exchanged and no records were kept. Lawson's bank records did not indicate that he deposited the checks he received from Strickland in his accounts. Petitioners did not file an income tax return for tax year 1982 and did not report any of the funds received from Strickland as income on their income tax return for 1983. When he was first asked by the Internal Revenue Service about his gold sales, Lawson denied that he sold gold. However, he retracted his original statement after he was confronted with copies of checks drawn in his name and accompanying records documenting the sales. Respondent determined that petitioners underreported their income in 1982 and 1983 in the amount of the checks that Charles Lawson received. OPINION The first issue for decision is whether petitioners had unreported income of $ 49,582.46 and $ 31,060.41 in tax years 1982 and 1983, respectively. Petitioners bear the burden of proving that respondent's determination is erroneous. Rule 142(a). Lawson contends that the Strickland checks, which were written to and endorsed *354 by him, did not constitute income because he was merely acting as an agent for a third party who was selling his gold, for which he received a 5 percent commission. Lawson was unable to recall anything concerning the third party. In the absence of any additional evidence from petitioners other than their own self-serving statements, we find that the proceeds Lawson received from Strickland constituted income from the sale of gold, some of which Lawson bought from Shannon. However, since Lawson paid $ 18,000 to Shannon for the stolen gold during 1982 and 1983, we also find that Lawson is entitled to deduct $ 18,000 as his basis in the stolen gold from the actual amounts he received from Strickland. Although Shannon did not allocate the amount he received in each of the two years in dispute, we conclude that Lawson's basis in the gold was $ 11,070 in tax year 1982, and $ 6,930 in tax year 1983. [4] See , affg. ; . *355 We now turn to the second question, namely, whether Lawson is liable for additions to tax for fraud under sections 6653(b)(1) and 6653(b)(2). Respondent has the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b); . Respondent must establish that petitioner underpaid his income taxes for each year and that some part of the underpayment was due to fraud. . The existence of fraud is a question of fact to be resolved upon consideration of the entire record. . Fraud will not be presumed, ; however, fraud may be proven by circumstantial evidence because direct proof of the taxpayer's intent is seldom available. , affd. . Fraudulent intent may be established by examining the taxpayer's entire course of conduct. . The Court *356 of Appeals for the Ninth Circuit outlined a nonexclusive list of factors which demonstrate fraudulent intent in , affg. . These "badges of fraud" include: (1) understating income; (2) maintaining inadequate records; (3) failing to file income tax returns; (4) giving implausible or inconsistent explanations of behavior; (5) concealing assets; (6) failing to cooperate with tax authorities; (7) engaging in illegal activities; (8) attempting to conceal illegal activities; (9) dealing in cash; and (10) failing to make estimated tax payments. Upon application of the above factors to the instant situation, we conclude that Charles Lawson is liable for additions to tax for fraud under sections 6653(b)(1) and 6653(b)(2) for tax years 1982 and 1983. Lawson failed to file an income tax return in tax year 1982 and understated petitioners' income tax liability by the amount of the gold sales proceeds in tax year 1983. Lawson did not maintain any records of his sales, nor did he keep receipts. Lawson concealed his income from the gold sales by not depositing the proceeds in a bank *357 account and initially lied to respondent concerning his involvement in gold trading activities. Furthermore, his profits were gleaned, at least in part, from the sale of gold which Lawson knew was stolen. With respect to Charles Lawson, respondent has met his burden of proof on the fraud issue. Petitioners have not presented any evidence or arguments concerning respondent's determination that they are liable for self-employment taxes attributable to their income derived from Lawson's gold trading activities, nor have they addressed their potential liability for additions to tax under section 6654. We conclude petitioners are liable in tax years 1982 and 1983 for self-employment taxes and additions to tax under section 6654 for failure to make required estimated tax payments on their unreported income. Decisions will be entered under Rule 155. Footnotes
1. Petitioners did not file any Federal income tax returns for tax year 1982. Respondent consequently issued separate notices of deficiency to each of the petitioners for tax year 1982. In each of the statutory notices for tax year 1982, respondent determined that each petitioner was liable for income tax and self-employment tax on one-half of total unreported income in 1982, pursuant to applicable community property law. ↩
2. All statutory references are to the Internal Revenue Code, as in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. ↩
*. 50 percent of the interest due on $ 8,432.↩
*. 50 percent of the interest due on $ 8,432.↩
**. 50 percent of the interest due on $ 10,484.↩
3. Respondent has conceded that Margaret Lawson is not liable for any additions to tax under secs. 6653(b)(1) and 6653(b)(2).↩
4. We allocated Lawson's basis of $ 18,000 in proportion to the income he received from Strickland in each respective year. The gold sales proceeds that Lawson received in 1982 constituted 61.48 percent of the total gold sales in 1982 and 1983. The gold sales proceeds that Lawson received in 1983 constituted 38.52 percent of the total gold sales in 1982 and 1983. The basis for each year was derived by multiplying $ 18,000 by the applicable percentage in each tax year.↩